```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLAUDETTE M. MILES, et al.      :      CIVIL ACTION
                                :
          v.                    :
                                :
LANSDOWNE BOROUGH, et al.       :      NO. 11-1913
```

MEMORANDUM

Bartle, J.                                     October 13, 2011

Plaintiffs Claudette M. Miles ("Miles") and Women of War Ministries (the "Ministry") bring this action for violation of their civil rights under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, against Lansdowne Borough, John P. Gould ("Gould"), Mike Jozwiak ("Jozwiak"), Daniel J. Kortan, Jr. ("Kortan"), John J. Perfetti ("Perfetti") and Delaware County.  The plaintiffs have also brought supplemental state law claims for abuse of process, malicious prosecution, and false arrest.  Before the court is the motion of defendants Lansdowne Borough, Gould, Jozwiak, and Kortan to dismiss plaintiffs' Second Amended Complaint for failure to state any claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

                              I.

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to

the plaintiff.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. Planco Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## II.

The following facts are viewed in the light most favorable to the plaintiffs.  The incidents that give rise to their claims began in 2004, when the Ministry purchased property within the Borough of Lansdowne (the "Borough").  That year, the Ministry applied for a permit for use, occupancy, and construction which was denied in 2005 because it was a church. After the denial, the Ministry received repeated citations and fines for various property violations such as chipped paint and failure to remove snow.  Plaintiffs allege that these citations and fines were unjustified and used to harass the Ministry, exhaust its resources, and force it to abandon its desire to use the property.

In 2008, the Borough enacted a new zoning code which prohibited churches from all zoning areas except for "a fully occupied residential zone which had no available properties." Also in 2008, the Ministry met with a tax assessor and reached an agreement to pay $1,000 monthly on arrearages for the property. The Ministry met this payment schedule until August 2010 when the

Borough's tax assessor's office refused to accept further payments under the agreement.

On March 20, 2009, Miles, acting in her capacity as Executive Director of the Ministry, went to the offices of Jozwiak, the Borough's Director of Zoning and Code Enforcement, and Gould, the Borough's Senior Code Enforcement Officer, to apply for a construction permit to address code citations against the property.  While she was waiting for an application, Gould arrived with a police officer who placed Miles under arrest.  At this time, Miles was told that an arrest warrant against her had been issued by John J. Perfetti, a Magisterial District Judge, for failure to pay fines arising from code citations against the Ministry's property.  Miles did not previously have notice of the arrest warrant.

At or about 4:00 p.m. on the day of her arrest, Miles appeared before another Magisterial District Judge who told Miles that he must enforce the warrant either by collecting the fines from Miles within the hour before the court closed or by ordering her incarceration.  Miles told him she did not personally have the money to pay the fines and that she would be unable to reach the Ministry's members or congregants to produce the money within the hour.  He then ordered Miles to be incarcerated for nonpayment of the fines.  Miles was incarcerated at the George W. Hill Correctional Facility from Friday, March 20, 2011 to Monday, March 23, 2011 at about 9:00 p.m.  In May 2009, the case against Miles "was overturned" because the warrant on the code citation

was issued in the name of Miles personally and not in the name of the Ministry, which owned the property.

Between about October 2009 and February 2010, the Ministry hired a licensed roofer who obtained a construction permit to remedy a code citation regarding a leaking roof.  After about 15% of the work was completed and paid for, Jozwiak and Gould, as the Borough's employees, ordered that the work be stopped.  As a result the property was exposed with an opening in its roof which resulted in water damage and further deterioration of the roof.  Jozwiak and Gould then had the Ministry hire a structural engineer, who in March 2010 found that repairing the roof would cost $125,000, which would exceed the value of the property.  The Ministry thereafter filed a new permit application in April 2010, which was denied by Jozwiak on behalf of the Borough in July 2010.  The Ministry then met with Gould to discuss what other options were available, and Gould informed it that "the only place their church could get a permit was at this one property on the zoning map where a church was already being operated and therefore was not available."

III.

We first turn to the defendants' contention that Count I of plaintiffs' Second Amended Complaint is barred by the two year statute of limitations for claims under 42 U.S.C. § 1983. <u>Goodman v. Lukens Steel Co.</u>, 777 F.2d 113, 120-21 (3d Cir. 1985).  Count I of the Second Amended Complaint alleges that Miles' incarceration from March 20, 2009 to March 23, 2009 violated due

process protections under 42 U.S.C. § 1983.  Three complaints have been filed in this case:  the original Complaint, the Amended Complaint, and the Second Amended Complaint.  Miles, acting pro se and as the sole plaintiff, constructively filed the original Complaint within the statute of limitations on March 17, 2011, the date the clerk received the complaint.[1]  McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996).  The original Complaint was filed against defendants "unknown white male (legal counsel for Lansdowne Boro [sic])," "unknown white male (code enforcement agent)," "unknown white male (arresting officer)," John P. Gould, and the Borough.  Miles then, still acting pro se and as the sole plaintiff, filed the Amended Complaint June 2, 2011 against the same defendants as the original Complaint.

Miles, now joined by the Ministry as a second plaintiff[2] and now represented by counsel, filed the Second

---

1.  The docket shows that the clerk of court received Miles' complaint with an application to proceed in forma pauperis on March 17, 2011.  Miles was granted leave to proceed in forma pauperis on March 22, 2011 and the complaint was filed on that day.

2.  Although the Ministry was not a plaintiff in the original Complaint, it is only involved in Count III of the Second Amended Complaint, which arises under the Religious Land Use and Institutionalized Persons Act (RLUIPA).  "It is undisputed that the four-year catch-all federal statute of limitations, codified at 28 U.S.C. § 1658(a), governs claims brought under RLUIPA."  Congregation Adas Yereim v. City of New York, 673 F. Supp. 2d 94, 107 (E.D.N.Y. 2009) (citations omitted).

Amended Complaint on August 31, 2011.[3]  In the Second Amended Complaint, the plaintiffs changed the "unknown white male" defendants to Mike Jozwiak (as agent and code enforcement officer of Lansdowne Borough) and Daniel J. Kortan, Jr. (as agent and police chief of Lansdowne Borough).  The plaintiffs also added as defendants "John J. Perfetti (in his capacity as Delaware Country District Court Magistrate for Borough of Lansdowne [sic])" and Delaware County.[4]

Defendants Jozwiak and Kortan allege that the statute of limitations expired on the Count I claims against them because they were not named defendants in the original Complaint.  The Second Amended Complaint, however, relates back to the original Complaint under Rule 15(c)(1) of the Federal Rules of Civil Procedure.  Rule 15(c)(1) provides:

> An amendment to a pleading relates back to
> the date of the original pleading when ...
> the amendment changes the party or the naming
> of the party against whom a claim is
> asserted, if [the amendment asserts a claim
> or defense that arose out of the conduct,
> transaction, or occurrence set out--or
> attempted to be set out--in the original
> pleading] and if, within the period provided
> by Rule 4(m) for serving the summons and
> complaint, the party to be brought in by
> amendment:  (i) received such notice of the
> action that it will not be prejudiced in
> defending on the merits; and (ii) knew or
> should have known that the action would have

---

3.  The defendants appear to dispute when the Second Amended Complaint was filed.  The plaintiffs filed the Second Amended Complaint electronically on August 31, 2011 and then refiled it in hard copy on September 2, 2011.

4.  Perfetti and Delaware County are not parties to this motion.

> been brought against it, but for a mistake concerning the proper party's identity.

Here, Count I of the Second Amended Complaint arises out of Miles' March 2009 incarceration, which is the same conduct, transaction, or occurrence set out in the original Complaint.  Furthermore, notice may be imputed to a newly-named defendant where:  (1) the newly-named defendant and original defendant are represented by the same counsel; or (2) the newly-named defendant is related to the original defendant such that they share an identity of interest.  Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 196-200 (3d Cir. 2001).  "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other."  Id. at 197 (citing 6A Charles A. Wright et al., Federal Practice And Procedure § 1499, at 146 (2d ed. 1990)).  Defense counsel here made his initial appearance on behalf of both the Borough and the "unknown white male" defendants.  Id. at 199; see also Docket No. 5.  As a result, these defendants, Jozwiak and Kortan, were on constructive notice regarding the suit through their shared attorney and will not be prejudiced if the complaint is amended to name them as defendants.  See Singletary, 266 F.3d at 196-200.

The amendment of a complaint to substitute the actual name of a defendant for an "Unknown Person" defendant constitutes a "mistake concerning the proper party's identity."  See id. at

-7-

200 (citing <u>Varlack v. SWC Carribean, Inc.</u>, 550 F.2d 171, 175 (3d Cir. 1997)).  Thus, the third and last requirement for relation back is met as to Jozwiak and Kortan.  <u>See</u> Fed. R. Civ. P. 15(c)(1)(C)(ii).

Gould alleges that the statute of limitations expired on the Count I claims against him because he was not included in the § 1983 count in the original Complaint.  Although Miles' original Complaint is admittedly unclear at times, she includes Gould in her constitutional claims in Paragraph No. 35 of her initial background paragraphs, when she states, "As a result of the joint and several actions of defendants, Gould, 'Unknown White male code enforcement agent', 'Unknown white male arresting officer' and 'Unknown white male boro Counsel and Lansdowne Boro, Plaintiff was arrested in error."  While Miles does not specifically include Gould in Count I, she does incorporate Paragraph Nos. 1-37 into Count I.  Furthermore, in reviewing Miles' original pro se Complaint, we are mindful that a pleading "filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted).

IV.

We next turn to the defendants' contention that Counts I and II of the Second Amended Complaint do not state a claim

upon which relief can be granted under § 1983.[5]  The defendants argue that the plaintiffs fail to plead a specific Constitutional protection or amendment that was violated, which they claim is required to plead a claim under § 1983.  The cases cited by the defendants, however, do not stand for this proposition.  Rather, these cases state that to establish a claim under § 1983 plaintiffs must plead that there was a violation of a right secured by the Constitution and the laws of the United States.  See Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995); Moore v. Tartler, 986 F.2d 682, 685.  In the Second Amended Complaint, both Counts I and II state that the defendants' conduct "directly violated the due process protections afforded plaintiff Miles under 42 U.S.C. § 1983."  Thus, the plaintiffs properly plead that there was a violation of a right secured by the Constitution and accordingly state a claim under § 1983.

V.

The defendants also contend that the plaintiffs fail to plead any cognizable supplemental state claims.  Count IV of the plaintiffs' Second Amended Complaint pleads ancillary state claims for abuse of process, malicious prosecution, and false

---

5.  The defendants also contend that the plaintiffs' § 1981 counts should be dismissed for failing to state a cause of action.  The plaintiffs, however, stipulate that any § 1981 claim in the Second Amended Complaint was a typographical error.

arrest[6] of plaintiff Miles by Gould, Jozwiak, Kortan, the Borough, Perfetti, and Delaware County.

The defendants argue that Miles fails to plead a claim for malicious prosecution because she does not plead that there was any criminal proceeding that ended in her favor, which is one of the elements for a malicious prosecution claim.  However, in Paragraph No. 81 of the Second Amended Complaint, the plaintiffs aver:

> During or about May 2009 attorney Scott Shields (now deceased) appeared before defendant Perfetti on behalf of plaintiffs Miles and the Ministry and the case against plaintiff Miles was overturned on the basis that the warrant on the code citation was issued in the name of plaintiff Miles personally and not in the name of the Ministry which is the owner of the property.

Thus, Miles has pleaded that there was a criminal proceeding that ended in her favor.  Accordingly, we will not dismiss plaintiffs' state law claim of malicious prosecution.

The defendants next argue that the plaintiffs failed to assert a claim for abuse of process.  Both the defendants and the plaintiffs agree that the "elements of a claim for abuse of process are (1) that a party used a legal process against another party; (2) the legal process was used primarily to accomplish a purpose for which the process was not designed; and (3) harm was caused to the other party."  United States ex rel. Magid v. Wilderman, No. 96-4346, 2005 U.S. Dist. LEXIS 2926, *8 (E.D. Pa.

---

6.  The defendants do not appear to argue that the plaintiffs failed to plead a claim for false arrest.

Feb. 28, 2005) (citing McGee v. Feege, 517 Pa. 247, 259 (1987)). The defendants specifically contend that the plaintiffs do not plead the second element.  However, the plaintiffs' allegation that the legal process was used to harass Miles and that the defendants knew Miles was not a proper party to the legal proceedings is sufficient at this stage to state that "the legal process was used primarily to accomplish a purpose for which the process was not designed."

Accordingly, for the reasons outlined above, the motion of defendants Gould, Jozwiak, Kortan, and the Borough to dismiss Plaintiffs' Second Amended Complaint will be denied.